JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant Patrick Manfroni ("Manfroni") appeals the decision of the South Euclid Municipal Court that entered judgment against him and in favor of appellees Sarah K. Burke ("Burke"), Michael Corsi ("Corsi"), Ronald Fratoe ("Fratoe"), and Matthew Urbin ("Urbin"). For the reasons adduced below, we reverse.
 {¶ 3} The following facts give rise to this appeal. On June 28, 2001, Manfroni, Urbin and Corsi, as co-tenants, entered into a lease agreement with The Palermo Family Trust ("landlord") for the rental of a single family residence in South Euclid. The lease was for a two-year term, from July 1, 2001 until June 30, 2003. Rent was to be paid each month in the amount of $1,200. The landlord received a $2,000 security deposit.
 {¶ 4} The co-tenants agreed to joint and several liability for all obligations arising out of the lease agreement. Although the lease only named three co-tenants, a fourth person, Fratoe, also lived at the property, although in violation of the lease. By virtue of having Fratoe contributing to the rent, the other tenants' share of the rent was reduced.
 {¶ 5} During the lease term, Manfroni initiated actions with the landlord and co-tenants to be released from the lease. In the course of negotiations, the landlord discovered that a fourth person was living at the property. Also, upon Manfroni's release, the tenants desired to have another person, Burke, move into the property. As a result of having a fourth person living at the property, the landlord insisted that the rent be increased by $100 per month.
 {¶ 6} On February 28, 2002, an agreement concerning the assignment was entered by the parties. The agreement was called a "Lease Assignment, Lease Assumption, Lease Addendum, Consent to Assignment and Assumption" ("the assignment"). All parties to the initial lease along with the additional tenants, Fratoe and Burke, executed the assignment.
 {¶ 7} The assignment provided in relevant part:
"3. Fratoe and Burke desire to assume the obligations ofManfroni under the Lease Agreement referred to in paragraph 1above;
 "4. Urbin, Corsi, and Landlord consent to the assignment ofManfroni's obligations to Fratoe and Burke and hereby releaseManfroni from any further obligation or duty arising under theLease referred to in paragraph 1 above;
 "5. Fratoe and Burke hereby assume all obligations of Manfroniunder the Lease Agreement referred to in paragraph 1 above;
"* * *
"8. Upon expiration of the Lease, Landlord shall return thesecurity deposit, less any deductions for damage to the premisesas permitted by law, in equal shares to Urbin and Corsi. Manfronishall thereafter have no claim against Landlord for return of allor any portion of the security deposit.
 "9. Commencing March 1, 2002, rental for the premises shall beadjusted to $1,300.00 per month;"[1]
 {¶ 8} Burke, Corsi, Fratoe, and Urban filed this action against Manfroni claiming that under a separate verbal agreement, Manfroni had agreed to pay the $100 increase in rent as a condition of his co-tenants agreeing to release him from the lease and that Manfroni breached the verbal agreement. While Manfroni conceded that the parties had discussions concerning the $100 increase, he denied ever agreeing to pay that sum. Further, there was testimony that Burke, who replaced Manfroni in the house, was not a party to the alleged verbal agreement.
 {¶ 9} The case proceeded to a hearing before a magistrate. The magistrate found that the parties had reached a verbal agreement under which Manfroni agreed to pay the sum of $100 per month beginning March 1, 2002 through the end of the lease term. The magistrate also found that this verbal agreement was a separate agreement entered in consideration of Urbin and Corsi releasing Manfroni from all obligations under the lease. The magistrate determined that the assignment may have been a complete and accurate expression of the agreement between the landlord and tenants, but it was not intended as a complete agreement between the tenants themselves. The magistrate reached this conclusion in reliance upon a letter from the landlord's attorney who recalled Manfroni confirmed the existence of a separate deal but was unaware of the details. The magistrate also referred to a lack of an integration clause in the assignment. Relying upon these findings, the magistrate recommended judgment be entered against Manfroni for $1,600.
 {¶ 10} Manfroni filed objections and supplemental objections to the magistrate's decision that were overruled by the trial court judge. The judge proceeded to enter judgment against Manfroni in the amount of $1,600.
 {¶ 11} Manfroni filed this appeal raising four assignments of error, which provide:
 {¶ 12} "Assignment of Error I: The court erred and abused its discretion by allowing parol evidence to modify the existing written lease and subsequent written assignment and further erred and abused its discretion in imputing a verbal contract concerning the lease agreement despite an explicit written one."
 {¶ 13} "Assignment of Error II: The court erred and abused its discretion by holding that despite explicit written contract language in the lease and assignment, the contract and its amendment were not a complete and accurate expression of the parties' agreement."
 {¶ 14} "Assignment of Error III: The court erred and abused its discretion by holding that the plain contract language did not release appellant Manfroni from all obligations under the lease and that the statute of frauds is not applicable."
 {¶ 15} "Assignment of Error IV: The court erred and abused its discretion in awarding damages to appellees when appellees were in a better financial position after assignment of the lease than before, and the alleged purpose of the alleged verbal contract had been satisfied."
 {¶ 16} Manfroni's first and second assignments of error involve the parol evidence rule. The parol evidence rule states that "absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements."Galmish v. Cicchini, 90 Ohio St.3d 22, 27, 2000-Ohio-7, quoting 11 Williston on Contracts (4 Ed. 1999) 569-570, Section 33:4. The rule, therefore, "prohibits the admission of testimony regarding prior or contemporaneous oral agreements which contradict or vary the terms of written agreements." Finomore v. Epstein (1984),18 Ohio App.3d 88, 89.
 {¶ 17} The parol evidence rule applies only to integrated writings. Galmish, 90 Ohio St.3d at 28. However, the presence of an integration clause does not make a final written agreement any more integrated than does the act of embodying the complete terms into the writing. Id. Accordingly, the absence of an integration clause from the assignment in this case is not conclusive of whether the assignment was a final written agreement between the parties.
 {¶ 18} Appellees argue that the assignment was a bilateral agreement between the landlord and the tenants, that it only released Manfroni from his obligations under the lease to the landlord, and that it did not release Manfroni from his obligations to his co-tenants. The plain reading of the assignment reflects otherwise. Indeed, the assignment specifically states "Urbin, Corsi, and Landlord consent to the assignment of Manfroni's obligations to Fratoe and Burke and hereby release Manfroni from any further obligation or duty arising under the Lease" and that "Fratoe and Burke hereby assume all obligations of Manfroni under the Lease Agreement." All of the co-tenants signed this agreement, which reflected not only their obligations to the landlord, but also their obligations to each other. Moreover, the plain language of the assignment reflects that not only did the landlord release Manfroni from his obligations under the lease, but so, too, did appellees. We find the assignment was a final integrated writing between the tenants, Manfroni and the landlord.
 {¶ 19} Appellees also argue that the assignment only covered Manfroni's obligations under the lease and that the verbal agreement between the tenants did not modify the lease. Among the obligations under the lease was the payment of rent. The co-tenants agreed to joint and several liability for all obligations arising out of the lease, which would include the payment of rent. Appellees released Manfroni from these obligations through the assignment. However, the alleged verbal agreement was for Manfroni to pay the additional $100 monthly rent that was to be charged under the lease. As Corsi testified, the $100 payment from Manfroni was "[t]o be applied to the hundred dollar extra fee for having a fourth roommate." Pursuant to the assignment, this $100 monthly fee represented an increase in the rent obligation under the lease. Thus, the verbal agreement contradicted the terms of the assignment under which the remaining tenants had released Manfroni from all obligations under the lease.
 {¶ 20} Although appellees have not raised a claim of fraudulent inducement, appellees claim they had a separate verbal agreement between the tenants concerning the $100-per-month additional rent which was a condition to appellees releasing Manfroni from the lease. It is well recognized that the parol evidence rule cannot be avoided "by a fraudulent inducement claim which alleges that the inducement to sign the writing was a promise, the terms of which are directly contradicted by the signed writing. Accordingly, an oral agreement cannot be enforced in preference to a signed writing which pertains to exactly the same subject matter, yet has different terms." Galmish,90 Ohio St.3d at 29, quoting Marion Prod. Credit Assn. v. Cochran
(1988), 40 Ohio St.3d 265, paragraph three of the syllabus.
 {¶ 21} Appellees released Manfroni from any further obligation or duty arising under the lease and assumed his obligations through the assignment. These terms are contradicted by the alleged oral agreement that Manfroni was still obligated to pay $100 per month in rent as a condition of the release. Accordingly, we find the trial court erred in failing to apply the parol evidence rule to bar introduction of evidence of the alleged oral agreement. Pursuant to the terms of the written agreement, Manfroni was released from all obligations arising under the lease and, therefore, he is not obligated to pay $100 per month to appellees.
 {¶ 22} Manfroni's first and second assignments of error are sustained. Manfroni's third and fourth assignments of error are moot and need not be addressed. See App.R. 12(A)(1)(c).
 {¶ 23} Judgment reversed and final judgment entered for appellant.
Colleen Conway Cooney, P.J., and Timothy E. McMonagle, J., concur.
This cause is reversed and final judgment entered for appellant.
It is, therefore, considered that said appellant recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Manfroni testified he forwarded his $500 share of the security deposit to Urbin and Corsi in exchange for his release, but did not offer the $500 payment under the alleged verbal agreement.